Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

*Attorneys for Plaintiffs*
*Blue Gentian, LLC and National Express, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BLUE GENTIAN, LLC and<br>NATIONAL EXPRESS, INC., | : | |
| | : | Civil Action No. _____ |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TELEBRANDS CORPORATION,<br>BED BATH & BEYOND, INC.<br>WAL-MART STORES, INC.,<br>THE WALGREEN COMPANY,<br>RITE AID CORPORATION, and<br>AJIT "A.J." KHUBANI, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, BLUE GENTIAN, LLC ("Blue Gentian") and NATIONAL EXPRESS, INC. ("National Express") sue Defendants, TELEBRANDS CORPORATION ("Telebrands"), BED BATH & BEYOND, INC. ("BBB"), WAL-MART STORES, INC. ("Wal-Mart"), THE WALGREEN COMPANY ("Walgreens"), RITE AID CORPORATION ("Rite Aid")[1] and AJIT

---

[1]   BBB, Wal-Mart, Walgreens and Rite Aid are collectively "the Retailer Defendants".

"A.J." KHUBANI ("Khubani") for Patent Infringement under the Patent Act and complain as follows:

## THE PARTIES

1.     Plaintiff Blue Gentian is a Florida limited liability company having its principal place of business at 223 Skylark Point, Jupiter, Florida.

2.     Plaintiff National Express is a Connecticut corporation having its principal place of business at 2 Morgan Avenue, Norwalk, Connecticut.

3.     Defendant Telebrands is a New Jersey corporation having its principal place of business at 79 Two Bridges Road, Fairfield, New Jersey.  Upon information and belief, Telebrands is owned entirely by Defendant Khubani.

4.     Defendant BBB is a New York corporation having its principal place of business at 650 Liberty Avenue, Union, New Jersey.

5.     Defendant Wal-Mart is a Delaware corporation having its principal place of business at 702 SW 8th Street, Bentonville, Arkansas.

6.     Defendant Walgreens is an Illinois corporation having its principal place of business at 200 Wilmot Drive, Deerfield, Illinois.

7.     Defendant Rite Aid is a Delaware corporation having its principal place of business at 30 Hunter Lane, Camp Hill, Pennsylvania.

8.     Defendant Khubani is, upon information and belief, a citizen of the State of New Jersey residing at 55 Chestnut Ridge Road, Saddle River, New Jersey 07458, and is the Owner, Chief Executive and President of Defendant Telebrands, and as such is responsible for overseeing the day to day operations of the company, including product development, marketing and sales of the accused Pocket Hose product.

2

## JURISDICTION AND VENUE

9.      This is an action for Patent Infringement under the Patent Act, 35 U.S.C. § 271.

10.     This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338(a).

11.     This court has personal jurisdiction over Telebrands in that Telebrands has its principal place of business in the State of New Jersey and has marketed and sold the accused Pocket Hose product throughout the State.  This court has personal jurisdiction over the Retailer Defendants in that each of these Defendants regularly conducts business throughout the State of New Jersey, including selling and offering to sell the accused Pocket Hose product produced by Telebrands in numerous retail locations located therein.  This court has personal jurisdiction over Khubani in that he resides in the State of New Jersey and has induced the use, sale and offer for sale of the accused Pocket Hose product throughout the State of New Jersey.

12.     Venue is proper in this District, pursuant to 28 U.S.C. §§ 1391(b & c) and 1400(b), because the Defendants are each subject to personal jurisdiction in the District and have committed acts of Patent Infringement in the District.

## BACKGROUND

13.     Blue Gentian's principal, Michael Berardi, has conceived and invented a novel hose product that is light in weight, does not kink when unwrapped or uncoiled, and can be substantially reduced in length and width when not in use simply by turning off the flow of water into it.  The product has been marketed in the United States, under the XHose® trademark, since March 24, 2012.

14.     Blue Gentian is the owner of all intellectual property rights in connection with the XHose® product invented by Berardi including the patent rights asserted in this Complaint.

3

Blue Gentian is the owner of U.S. Patent No. 8,479,776, entitled "Expandable Garden Hose" and issued on July 9, 2013 ("the '776 Patent"). A copy of the '776 Patent is attached as Exhibit "A" hereto. The '776 Patent is a continuation-in-part of the inventions disclosed in U.S. Patent No. 8,291,941, entitled "Expandable and Contractible Hose" and issued on October 23, 2012 ("the '941 Patent") and U.S. Patent No. 8,291,942, entitled "Expandable Hose Assembly" and also issued on October 23, 2012 ("the '942 Patent"). Blue Gentian is the owner of all right, title and interest in and to the '941 and '942 Patents, copies of which are attached as Exhibits "B" and "C" hereto, respectively.

15.     Blue Gentian has granted National Express the exclusive right under the '941, '942 and '776 Patents to make, use, sell, offer for sale, import, market, promote and/or distribute expandable/retractable hoses embodying the inventions disclosed therein, within certain non-geographic markets, including the direct-to-consumer and retail markets in which Telebrands and the Retailer Defendants sell the accused Pocket Hose product. As such, National Express maintains the right to exclude all others from practicing the patents within those defined markets.

16.     Consistent with such license, both the packaging for the XHose® and the product's website advised of pending patent protection as early as March, 2012. On or about April 23, 2012 a representative of Telebrands and National Express had a telephone conference, during which Telebrands inquired about distributing the XHose® in the United States to various retail accounts. National Express informed Telebrands that all distribution rights in the United States had already been granted, and therefore none would be available for Telebrands.

17.     Indicative of the ingenuity and popularity of the Xhose® product, as well as Telebrands's determination to sell the product, since August 2012 Telebrands has promoted and sold a knock-off expandable hose product embodying the inventions protected under the '941,

4

'942 and now '776 Patents.  Screen shots of Telebrands's websites promoting such product, initially under the brand "Mini Max Hose" and now under the brand "Pocket Hose", are attached as composite Exhibit "D" hereto.

18.     Notwithstanding its clearly infringing characteristics, the Pocket Hose has been a great success in the marketplace for Telebrands.  In fact, Khubani has publicly touted the Pocket Hose on television and at conferences as a "revolutionary product", a "game changer" and the best-selling product Telebrands has ever produced.  During the "Inventor Day" event at the Response Expo held in San Diego, California on April 4, 2013, Khubani told the audience that he directed Telebrands to work with a first-class production team to produce a commercial featuring a celebrity (actor Richard Karn of *Home Improvement*) to promote the Pocket Hose to the general public.  He also stated that the Pocket Hose now commands more than 90% of the expandable hose market in the United States, and that Telebrands manufactures 150,000 units of the product per day.

19.     The Pocket Hose has furthermore been a great success for retailers who sell and promote it in the marketplace.  For example, at the Inventor Day event, which was attended by representatives of numerous retailers, Khubani stated that Wal-Mart has designated the product its "VPI" (Volume Producing Item), or its "Number One" product, for 2013, meaning all Wal-Mart stores will get behind the product.

20.     Wal-Mart had previously sold the XHose® in its stores in January and February 2013, selling all units that had been shipped to test the market for the product.  The XHose® was marked with the '941 and '942 Patents, in accordance with 35 U.S.C. § 287, during that entire time period.  A sample Wal-Mart display of the XHose®, with the patent markings included on a white label on the lower left corner of the product's packaging, is depicted in Exhibit "E" hereto.

5

21.    According to sworn statements provided in other proceedings by Khubani and by Telebrands Executive Vice President Bala Iyer, Telebrands has shipped more than ten million (10,000,000) units of the Pocket Hose since October 2012.  Upon information and belief, many of these units were shipped to the Retailer Defendants and other retailers for retail sales to the general public.

22.    Plaintiffs and Telebrands filed suit against each other on October 23, 2012, the day the '941 and '942 Patents issued.  At 12:28 a.m., Telebrands sued Plaintiffs and Michael Berardi in the District of New Jersey for declaratory judgment of patent non-infringement and invalidity with respect to the '941 and '942 Patents (Case No. 12-06671).  Later that morning, Blue Gentian sued Telebrands in the Southern District of Florida for infringement of the '941 and '942 Patents.  Blue Gentian's infringement action was ultimately transferred to the District of New Jersey (Case No. 13-00481) and consolidated with Telebrands' declaratory judgment action for pretrial purposes.  The cases are currently pending.

23.    Telebrands' declaratory judgment action for invalidity is based on a prior patent, U.S. Patent No. 6,523,539, entitled "Self-Elongating Oxygen Hose for Stowable Aviation Crew Oxygen Mask" ("the McDonald Patent").  This patent was not discovered in any patent search conducted by or on behalf of Blue Gentian, nor was it cited by the Patent Examiner as a result of the Examiner's own search.

24.    Telebrands' complaint, as well as numerous written communications to retailers from October 2012 to the present, alleges that the product Telebrands and Khubani have described as "revolutionary" and "game changing" is nevertheless obvious in light of the McDonald Patent, based in part on the following distorted comparison of drawings from the McDonald and '941 Patents:

6



(U.S. Patent No. 6,523,539)                    (the '941 patent)

25.     Shown below, however, are the actual Figs. 2 and 3 from the McDonald Patent, on the right, next to the cropped Figs. 2 and 3 presented by Telebrands:



26.     If Telebrands truly believed the McDonald Patent to constitute a material prior art reference, it could have disclosed the Patent to the Patent Office prior to the issuance of the '941 and '942 Patents.  Instead, Telebrands opted to withhold the reference in favor of employing lengthy court proceedings more favorable to its business strategy vis-a-vis the Pocket Hose.

27.     Having been placed on notice of the McDonald Patent, Blue Gentian included the Patent in its disclosure of prior art to the Patent Office in filing the application that became the '776 Patent. The '776 Patent issued on July 9, 2013.  On that date, Plaintiffs issued notice and demand letters to numerous retailers selling the Pocket Hose, advising of the issuance of the '776

7

Patent despite the McDonald reference, and renewing previously-issued demands pertaining to the '941 and '942 Patents.  The Retailer Defendants were all recipients of such letters.  BBB, Walgreens and Rite Aid had previously received notice letters issued on January 8, 2013 from Plaintiffs with respect to the '941 and '942 Patents.  Copies of the letters to these Defendants are attached as composite Exhibit "F" hereto.

28.     Telebrands and Khubani received formal written notice of the issuance of the '776 Patent through a letter to their counsel, also on July 9, 2013.  A copy of this letter is attached as Exhibit "G" hereto.  Telebrands was already following the prosecution of the '776 Patent prior to its issuance, however, as evidenced by its filing of a Patent Office document relating to the application that became the '776 Patent as an exhibit to a motion in Case No. 12-06671.  A copy of this document is attached as Exhibit "H" hereto.

29.     It has become apparent to Plaintiffs that Telebrands has recently redesigned certain features located within the inlet and outlet couplers of the Pocket Hose.  Nevertheless, as demonstrated in the claim charts attached as Exhibits "I" through "L" hereto, the Pocket Hose remains an infringement of the '941, '942 and '776 Patents.

### COUNT I
### DIRECT PATENT INFRINGEMENT
### ('776 Patent - Telebrands)

30.     This Count alleges direct Patent Infringement of the '776 Patent against Telebrands, pursuant to 35 U.S.C. § 271(a).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

31.     Telebrands has infringed and is still infringing one or more claims of the '776 Patent by making, using, selling and offering to sell and, upon belief, importing into the United

1803044_1

States a hose product embodying the invention protected under the '776 Patent, and will continue to do so unless enjoined by this Court.

32.     Telebrands's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

33.     Telebrands's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until Telebrands is enjoined from doing so by this Court.

## COUNT II
## INDIRECT PATENT INFRINGEMENT
### ('776 Patent - Telebrands)

34.     This Count alleges indirect Patent Infringement of the '776 Patent against Telebrands, pursuant to 35 U.S.C. § 271(b).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

35.     Telebrands has induced others to infringe and continues to induce others to infringe one or more claims of the '776 Patent.

36.     Telebrands's end-user customers, by using the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '776 Patent.

37.     The Retailer Defendants, by selling and offering to sell the Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '776 Patent.

38.     Despite having knowledge of the issuance of the '776 Patent prior to the date thereof, Telebrands has sold, offered to sell and promoted the accused Pocket Hose product with

9

specific intent to encourage and cause the infringement of the '776 Patent by their customers and by the Retailer Defendants.

39.     Since at least the date of the issuance of the '776 Patent, Telebrands has had actual knowledge of the claims of the Patent, and the fact that its Pocket Hose product infringes one or more of those claims, including through its copying of the XHose®.  Upon belief, it has taken no steps to remedy any infringement.

40.     Telebrands has known that selling and offering to sell, and, upon belief, importing into the United States the Pocket Hose product would cause the direct infringement of the '776 Patent.

41.     Telebrands's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

42.     Telebrands's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until Telebrands is enjoined from doing so by this Court.

**COUNT III**
**DIRECT PATENT INFRINGEMENT**
**('776 Patent – the Retailer Defendants)**

43.     This Count alleges direct Patent Infringement of the '776 Patent against the Retailer Defendants, pursuant to 35 U.S.C. § 271(a).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

10

44.     The Retailer Defendants have infringed and are still infringing one or more claims of the '776 Patent by selling and offering to sell a hose product embodying the invention protected under the '776 Patent, and will continue to do so unless enjoined by this Court.

45.     The Retailer Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

46.     The Retailer Defendants' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until the Retailer Defendants are enjoined from doing so by this Court.

### COUNT IV
### INDIRECT PATENT INFRINGEMENT
### ('776 Patent – the Retailer Defendants)

47.     This Count alleges indirect Patent Infringement of the '776 Patent against the Retailer Defendants, pursuant to 35 U.S.C. § 271(b).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

48.     The Retailer Defendants have induced others to infringe and continue to induce others to infringe one or more claims of the '776 Patent.

49.     The Retailer Defendants' customers, by using the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '776 Patent.

50.     Despite having knowledge of the issuance of the '776 Patent since at least the date of receipt of the July 9, 2013 notice letter from Plaintiffs, the Retailer Defendants have sold, offered to sell and promoted the accused Pocket Hose product with specific intent to encourage and cause their customers' infringement of the '776 Patent.

11

1803044_1

51.     Since at least the date of receipt of the notice letter from Plaintiffs, the Retailer Defendants have had actual knowledge of the claims of the '776 Patent, and the fact that the Pocket Hose product infringes one or more of those claims.  Upon information and belief, they have taken no steps to remedy any infringement.

52.     The Retailer Defendants have known that selling, offering to sell and promoting the Pocket Hose product would cause the direct infringement of the '776 Patent.

53.     The Retailer Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

54.     The Retailer Defendants' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until the Retailer Defendants are enjoined from doing so by this Court.

**COUNT V**
**DIRECT PATENT INFRINGEMENT**
**('941 Patent – the Retailer Defendants)**

55.     This Count alleges direct Patent Infringement of the '941 Patent against the Retailer Defendants, pursuant to 35 U.S.C. § 271(a).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

56.     The Retailer Defendants have infringed and are still infringing one or more claims of the '941 Patent by selling and offering to sell a hose product embodying the invention protected under the '941 Patent, and will continue to do so unless enjoined by this Court.

12

57.     The Retailer Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

58.     The Retailer Defendants' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until the Retailer Defendants are enjoined from doing so by this Court.

**COUNT VI**
**INDIRECT PATENT INFRINGEMENT**
**('941 Patent – the Retailer Defendants)**

59.     This Count alleges indirect Patent Infringement of the '941 Patent against the Retailer Defendants, pursuant to 35 U.S.C. § 271(b) and (c).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

**A.     INDUCEMENT OF INFRINGEMENT**

60.     The Retailer Defendants have induced others to infringe and continue to induce others to infringe one or more claims of the '941 Patent.

61.     The Retailer Defendants' customers, by using the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '941 Patent.

62.     Despite having knowledge of the issuance of the '776 Patent since at least the date of receipt of the January 8, 2013 and July 9, 2013 notice letters from Plaintiffs, the Retailer Defendants have sold, offered to sell and promoted the accused Pocket Hose product with specific intent to encourage and cause their customers' infringement of the '941 Patent.

63.     Since at least the date of receipt of the January 8, 2013 and July 9, 2013 notice letters from Plaintiffs, the Retailer Defendants have had actual knowledge of the claims of the

13

'941 Patent, and the fact that the Pocket Hose product infringes one or more of those claims. Upon information and belief, they have taken no steps to remedy any infringement.

64.     The Retailer Defendants have known that selling, offering to sell and promoting the Pocket Hose product would cause the direct infringement of the '941 Patent.

65.     The Retailer Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

66.     The Retailer Defendants' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until the Retailer Defendants are enjoined from doing so by this Court.

**B.      CONTRIBUTORY INFRINGEMENT**

67.     The Retailer Defendants have contributorily infringed and continue to contributorily infringe the '941 Patent.

68.     The Retailer Defendants' customers, by using the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '941 Patent.

69.     Despite having knowledge of the issuance of the '941 Patent since at least the date of receipt of the January 8, 2013 and July 9, 2013 notice letters from Plaintiffs, the Retailer Defendants have sold, offered to sell and promoted the accused Pocket Hose product with the specific intent to encourage and cause their customers' infringement of the '941 Patent.

70.     Since at least the date of receipt of the January 8, 2013 and July 9, 2013 notice letters from Plaintiffs, the Retailer Defendants have had actual knowledge of the claims of the

'941 Patent, and the fact that the Pocket Hose product infringes one or more of those claims. Upon belief, it has taken no steps to remedy any infringement.

71.     The Retailer Defendants have sold, offered to sell and promoted the accused Pocket Hose product for use in practicing the patented method claimed in one or more claims of the '941 Patent, and has done so with knowledge that the product is especially made or adapted for use in an infringement of the '941 Patent.

72.     The Pocket Hose product is not a staple article of commerce suitable for substantial non-infringing use.  It is assembled from manufactured components for a specific function having no purpose other than infringement.

73.     The Retailer Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

74.     The Retailer Defendants' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until the Retailer Defendants are enjoined from doing so by this Court.

**COUNT VII**
**DIRECT PATENT INFRINGEMENT**
**('942 Patent – the Retailer Defendants)**

75.     This Count alleges direct Patent Infringement of the '942 Patent against the Retailer Defendants, pursuant to 35 U.S.C. § 271(a).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

76.     The Retailer Defendants have infringed and are still infringing one or more claims of the '942 Patent by selling and offering to sell a hose product embodying the invention protected under the '942 Patent, and will continue to do so unless enjoined by this Court.

77.     The Retailer Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

78.     The Retailer Defendants' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until the Retailer Defendants are enjoined from doing so by this Court.

**COUNT VIII**
**INDIRECT PATENT INFRINGEMENT**
**('942 Patent – the Retailer Defendants)**

79.     This Count alleges indirect Patent Infringement of the '942 Patent against the Retailer Defendants, pursuant to 35 U.S.C. § 271(b) and (c).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

**A.     INDUCEMENT OF INFRINGEMENT**

80.     The Retailer Defendants have induced others to infringe and continue to induce others to infringe one or more claims of the '942 Patent.

81.     The Retailer Defendants' customers, by using the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '942 Patent.

82.     Despite having knowledge of the issuance of the '776 Patent since at least the date of receipt of the January 8, 2013 and July 9, 2013 notice letters from Plaintiffs, the Retailer

16

Defendants have sold, offered to sell and promoted the accused Pocket Hose product with specific intent to encourage and cause their customers' infringement of the '942 Patent.

83.     Since at least the date of receipt of the January 8, 2013 and July 9, 2013 notice letters from Plaintiffs, the Retailer Defendants have had actual knowledge of the claims of the '942 Patent, and the fact that the Pocket Hose product infringes one or more of those claims. Upon information and belief, they have taken no steps to remedy any infringement.

84.     The Retailer Defendants have known that selling, offering to sell and promoting the Pocket Hose product would cause the direct infringement of the '942 Patent.

85.     The Retailer Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

86.     The Retailer Defendants' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until the Retailer Defendants are enjoined from doing so by this Court.

**B.      CONTRIBUTORY INFRINGEMENT**

87.     The Retailer Defendants have contributorily infringed and continue to contributorily infringe the '942 Patent.

88.     The Retailer Defendants' customers, by using the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '942 Patent.

89.     Despite having knowledge of the issuance of the '941 Patent since at least the date of receipt of the January 8, 2013 and July 9, 2013 notice letters from Plaintiffs, the Retailer

1803044_1

Defendants have sold, offered to sell and promoted the accused Pocket Hose product with the specific intent to encourage and cause their customers' infringement of the '942 Patent.

90.     Since at least the date of receipt of the January 8, 2013 and July 9, 2013 notice letters from Plaintiffs, the Retailer Defendants have had actual knowledge of the claims of the '942 Patent, and the fact that the Pocket Hose product infringes one or more of those claims. Upon belief, it has taken no steps to remedy any infringement.

91.     The Retailer Defendants have sold, offered to sell and promoted the accused Pocket Hose product for use in practicing the patented method claimed in one or more claims of the '942 Patent, and has done so with knowledge that the product is especially made or adapted for use in an infringement of the '942 Patent.

92.     The Pocket Hose product is not a staple article of commerce suitable for substantial non-infringing use.  It is assembled from manufactured components for a specific function having no purpose other than infringement.

93.     The Retailer Defendants' acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285.

94.     The Retailer Defendants' acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until the Retailer Defendants are enjoined from doing so by this Court.

## COUNT IX
## INDIRECT PATENT INFRINGEMENT
### ('776 Patent – Khubani)

95.     This Count alleges indirect Patent Infringement of the '776 Patent against Khubani, pursuant to 35 U.S.C. § 271(b).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

96.     Khubani has induced others to infringe and continue to induce others to infringe one or more claims of the '776 Patent.

97.     Telebrands, by making, using, selling, offering to sell and, upon belief, importing the accused Pocket Hose product, has directly infringed and continues to directly infringe one or more claims of the '776 Patent.

98.     The Retailer Defendants, by selling and offering to sell the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '776 Patent.

99.     Telebrands's customers, by using the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '776 Patent.

100.     Despite having knowledge of the issuance of the '776 Patent since at least the date of receipt of the July 9, 2013 letter from Plaintiffs, Khubani has overseen and directed the day to day operations of Telebrands with the specific intent to encourage and cause Telebrands's infringement of the '776 Patent.

101.     Despite having knowledge of the issuance of the '776 Patent since at least the date of receipt of the July 9, 2013 notice letter from Plaintiffs, Khubani has promoted the accused Pocket Hose product with specific intent to encourage and cause the Retailer Defendants' and Telebrands customers' infringement of the '776 Patent.

1803044_1

102. Since at least the date of receipt of the July 9, 2013 notice letter from Plaintiffs, Khubani has had actual knowledge of the claims of the '776 Patent, and the fact that the Pocket Hose product infringes one or more of those claims. Upon information and belief, he has taken no steps to remedy any infringement.

103. Khubani has known that overseeing and directing Telebrands to produce the Pocket Hose product would cause the direct infringement of the '776 Patent.

104. Khubani has known that promoting the Pocket Hose product would cause the direct infringement of the '776 Patent.

105. Khubani's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

106. Khubani's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs. These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until Khubani is enjoined from doing so by this Court.

## COUNT X
## INDIRECT PATENT INFRINGEMENT
### ('941 Patent – Khubani)

107. This Count alleges indirect Patent Infringement of the '941 Patent against Khubani, pursuant to 35 U.S.C. § 271(b). Plaintiffs repeat and reallege Paragraphs 1-29 above.

108. Khubani has induced others to infringe and continue to induce others to infringe one or more claims of the '941 Patent.

109.    Telebrands, by making, using, selling, offering to sell and, upon belief, importing the accused Pocket Hose product, has directly infringed and continues to directly infringe one or more claims of the '941 Patent.

110.    The Retailer Defendants, by selling and offering to sell the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '941 Patent.

111.    Telebrands's customers, by using the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '941 Patent.

112.    Despite having knowledge of the issuance of the '941 Patent since prior to its issuance on October 23, 2012, Khubani has overseen and directed the day to day operations of Telebrands with the specific intent to encourage and cause Telebrands's infringement of the '941 Patent.

113.    Despite having knowledge of the issuance of the '941 Patent since prior to its issuance on October 23, 2012, Khubani has promoted the accused Pocket Hose product with specific intent to encourage and cause the Retailer Defendants' and Telebrands customers' infringement of the '941 Patent.

114.    Since prior to its issuance on October 23, 2012, Khubani has had actual knowledge of the claims of the '941 Patent, and the fact that the Pocket Hose product infringes one or more of those claims.  Upon information and belief, he has taken no steps to remedy any infringement.

115.    Khubani has known that overseeing and directing Telebrands's production of the Pocket Hose product would cause the direct infringement of the '941 Patent.

116.     Khubani has known that promoting the Pocket Hose product would cause the direct infringement of the '941 Patent.

117.     Khubani's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

118.     Khubani's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until Khubani is enjoined from doing so by this Court.

### COUNT XI
### INDIRECT PATENT INFRINGEMENT
### ('942 Patent – Khubani)

119.     This Count alleges indirect Patent Infringement of the '942 Patent against Khubani, pursuant to 35 U.S.C. § 271(b).  Plaintiffs repeat and reallege Paragraphs 1-29 above.

120.     Khubani has induced others to infringe and continue to induce others to infringe one or more claims of the '942 Patent.

121.     Telebrands, by making, using, selling, offering to sell and, upon belief, importing the accused Pocket Hose product, has directly infringed and continues to directly infringe one or more claims of the '942 Patent.

122.     The Retailer Defendants, by selling and offering to sell the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '942 Patent.

123.     Telebrands's customers, by using the accused Pocket Hose product, have directly infringed and continue to directly infringe one or more claims of the '942 Patent.

124.   Despite having knowledge of the issuance of the '942 Patent since prior to its issuance on October 23, 2012, Khubani has overseen and directed the day to day operations of Telebrands with the specific intent to encourage and cause Telebrands's infringement of the '942 Patent.

125.   Despite having knowledge of the issuance of the '942 Patent since prior to its issuance on October 23, 2012, Khubani has promoted the accused Pocket Hose product with specific intent to encourage and cause the Retailer Defendants' and Telebrands customers' infringement of the '942 Patent.

126.   Since prior to its issuance on October 23, 2012, Khubani has had actual knowledge of the claims of the '942 Patent, and the fact that the Pocket Hose product infringes one or more of those claims.  Upon information and belief, he has taken no steps to remedy any infringement.

127.   Khubani has known that overseeing and directing Telebrands's production of the Pocket Hose product would cause the direct infringement of the '942 Patent.

128.   Khubani has known that promoting the Pocket Hose product would cause the direct infringement of the '942 Patent.

129.   Khubani's acts of infringement are willful, warranting the assessment of increased damages pursuant to 35 U.S.C. § 284, and warrant a finding that this is an exceptional case, pursuant to 35 U.S.C. § 285.

130.   Khubani's acts of infringement have occurred, are occurring and will continue to occur without the authority or license of Plaintiffs.  These infringing acts have caused, are causing and will continue to cause injury to Plaintiffs, including irreparable injury and damages, unless and until Khubani is enjoined from doing so by this Court.

## DEMAND FOR JURY TRIAL

Plaintiffs request that all issues in this case be tried to a jury.

WHEREFORE, Plaintiffs pray that this Court:

A.      Enter judgment against Telebrands for infringement of the '776 Patent and permanently enjoin Telebrands, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

B.      Enter judgment against the Retailer Defendants for infringement of the '776 Patent and permanently enjoin the Retailer Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

C.      Enter judgment against Khubani for infringement of the '776 Patent and permanently enjoin him, and all other persons in active concert or participation with him, from further acts of infringement, pursuant to 35 U.S.C. § 283;

D.      Enter judgment against the Retailer Defendants for infringement of the '941 Patent and permanently enjoin the Retailer Defendants, their principals, officers, directors, agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

E.      Enter judgment against Khubani for infringement of the '941 Patent and permanently enjoin him, and all other persons in active concert or participation with him, from further acts of infringement, pursuant to 35 U.S.C. § 283;

F.      Enter judgment against the Retailer Defendants for infringement of the '942 Patent and permanently enjoin the Retailer Defendants, their principals, officers, directors,

agents, employees, subsidiaries, affiliates and all other persons in active concert or participation with them, from further acts of infringement, pursuant to 35 U.S.C. § 283;

G.      Enter judgment against Khubani for infringement of the '942 Patent and permanently enjoin him, and all other persons in active concert or participation with him, from further acts of infringement, pursuant to 35 U.S.C. § 283;

H.      Enter judgment for Plaintiffs for an accounting as to all damages arising from Telebrands's infringement of the '776 Patent;

I.      Enter judgment against Telebrands for damages arising from the infringement of the '776 Patent, pursuant to 35 U.S.C. § 284;

J.      Enter judgment for Plaintiffs for an accounting as to all damages arising from the Retailer Defendants' infringement of the '776 Patent;

K.      Enter judgment against the Retailer Defendants for damages arising from the infringement of the '776 Patent, pursuant to 35 U.S.C. § 284;

L.      Enter judgment for Plaintiffs for an accounting as to all damages arising from Khubani's infringement of the '776 Patent;

M.      Enter judgment against Khubani for damages arising from the infringement of the '776 Patent, pursuant to 35 U.S.C. § 284;

N.      Enter judgment for Plaintiffs for an accounting as to all damages arising from the Retailer Defendants' infringement of the '942 Patent;

O.      Enter judgment against the Retailer Defendants for damages arising from the infringement of the '942 Patent, pursuant to 35 U.S.C. § 284;

P.      Enter judgment for Plaintiffs for an accounting as to all damages arising from Khubani's infringement of the '942 Patent;

1803044_1

Q.      Enter judgment against Khubani for damages arising from the infringement of the '942 Patent, pursuant to 35 U.S.C. § 284;

R.      Enter judgment for Plaintiffs for an accounting as to all damages arising from the Retailer Defendants' infringement of the '941 Patent;

S.      Enter judgment against the Retailer Defendants for damages arising from the infringement of the '941 Patent, pursuant to 35 U.S.C. § 284;

T.      Enter judgment for Plaintiffs for an accounting as to all damages arising from Khubani's infringement of the '941 Patent;

U.      Enter judgment against Khubani for damages arising from the infringement of the '941 Patent, pursuant to 35 U.S.C. § 284;

V.      Enter judgment that this case is exceptional, and award treble damages, attorney fees and costs incurred in connection therewith, pursuant to 35 U.S.C. § 285; and

W.      Enter judgment granting Plaintiffs such other relief as this Court deems appropriate.

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

Plaintiffs, by their undersigned counsel, hereby certify pursuant to L.Civ.R. 11.2 that the matters in controversy are not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, with the exception of the following:

(1)     *Telebrands Corp. v. National Express, Inc., et al.,* Civil Action No. 12-6671 (FSH) (SCM); and

(2)     *Blue Gentian, LLC v. Telebrands Corp.,* Civil Action No. 13-481 (FSH) (SCM).

26

1803044_1

Dated:  July 31, 2013                    Respectfully submitted,


                                         */s/ Thomas R. Curtin*
                                         Thomas R. Curtin
                                         George C. Jones
                                         GRAHAM CURTIN
                                         A Professional Association
                                         4 Headquarters Plaza
                                         P.O. Box 1991
                                         Morristown, New Jersey 07962-1991
                                         Telephone:    (973) 292-1700
                                         Facsimile:    (973) 292-1767
                                         E-mail:       tcurtin@GrahamCurtin.com
                                                       gjones@GrahamCurtin.com

                                         McHALE & SLAVIN, P.A.
                                         Edward F. McHale (*pro hac vice pending*)
                                         Brian M. Taillon (*pro hac vice pending*)
                                         Amy S. Price (*pro hac vice pending*)
                                         2855 PGA Boulevard
                                         Palm Beach Gardens, Florida 33410
                                         Telephone:    (561) 625-6575
                                         Facsimile:    (561) 625-6572
                                         E-mail:       litigation@mchaleslavin.com

                                         *Attorneys for Plaintiffs*
                                         *Blue Gentian, LLC and National Express, Inc.*

27