UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLUE GENTIAN, LLC and<br>NATIONAL EXPRESS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TELEBRANDS CORPORATION et al.,<br><br>Defendants. | Civil Action No. 13-4627 (FSH) (JBC) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS
THE WALGREEN COMPANY AND WAL-MART STORES, INC.'S
OBJECTIONS TO MAGISTRATE JUDGE CLARK'S
REPORT AND RECOMMENDATION (DKT. NO. 76)**

Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

*Attorneys for Plaintiffs*
*Blue Gentian, LLC and National Express, Inc.*

2097091.1

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I.    INTRODUCTION ...................................................................................................... 1

II.    ARGUMENT .............................................................................................................. 2

    A.    The Report Correctly Found No Basis to Dismiss or Stay This Action .................. 2

        1.    The Customer Suit Exception Does Not Apply .......................................... 2

        2.    There Is No Dispute that the Retailer Defendants are
Joint Tortfeasors Potentially Liable for Satisfaction of a Judgment ............ 3

        3.    Granting a Stay Would Not Serve Efficiency and Judicial Economy ......... 5

    B.    Red Herrings and *Ad Hominem* Attacks Cannot Support the Objections ................ 7

III.    CONCLUSION ........................................................................................................... 9

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT .............................................................................................................. 2

    A. The Report Correctly Found No Basis to Dismiss or Stay This Action .................. 2

        1. The Customer Suit Exception Does Not Apply .......................................... 2

        2. There Is No Dispute that the Retailer Defendants are Joint Tortfeasors Potentially Liable for Satisfaction of a Judgment ............ 3

        3. Granting a Stay Would Not Serve Efficiency and Judicial Economy ......... 5

    B. Red Herrings and *Ad Hominem* Attacks Cannot Support the Objections ................ 7

III. CONCLUSION ........................................................................................................... 9

## **TABLE OF AUTHORITIES**

**CASES**                            **Page(s)**

*Birdsell v. Shaliol*,
112 U.S. 485 (1884)......................................................................................................3

*Glenayre Elecs., Inc. v. Jackson*,
443 F.3d 851 (Fed. Cir. 2006)......................................................................................3

*Kahn v. GM Corp.*,
889 F.2d 1078 (Fed. Cir. 1989).....................................................................................6

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990)..................................................................................2, 6

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)......................................................................................................5

*Mitsubishi Elec. Corp. v. IMS Tech., Inc.*,
Case No. 96-C-0499, 1996 U.S. Dist. LEXIS 12239 (N.D. Ill. 1996).........................7

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*,
Case No. 12-088-RGA, 2012 U.S. Dist. LEXIS 95036 (D. Del. 2012).......................7

*Privasys, Inc. v. Visa Int'l*,
Case No. C 07-03257, 2007 U.S. Dist. LEXIS 86838 (N.D. Cal. 2007)...............2, 5-6

*Refac Int'l, Ltd. v. IBM*,
790 F.2d 79 (Fed. Cir. 1986).........................................................................................7

*Sherman, Clay & Co. v. Searchlight Horn Co.*,
225 F. 497 (9th Cir. 1915).............................................................................................3

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
657 F.3d 1349 (Fed. Cir. 2011).....................................................................................5

*Tegic Commc'n Corp. v. Board of Regents of Univ. of Tex. Sys.*,
458 F.3d 1335 (Fed. Cir. 2006).....................................................................................5

*Ultra Products, Inc. v. Best Buy Co., Inc.*,
Case No. 09-1095, 2009 U.S. Dist. LEXIS 78678 (D.N.J. 2009)................................6

I.      **INTRODUCTION**

Another ruling from Magistrate Judge Clark adverse to Defendant TELEBRANDS CORPORATION'S ("Telebrands") interests, another Objection or Appeal filed with the Court. The latest Objections are against Magistrate Judge Clark's Report and Recommendation ("the Report") that the Motion to Dismiss, or in the alternative to Stay, and Motion to Strike (D.E. # 21) prepared by Telebrands on behalf of Defendants THE WALGREEN COMPANY ("Walgreens") and WAL-MART STORES, INC. ("Wal-Mart")[1] be denied. Plaintiffs BLUE GENTIAN, LLC ("Blue Gentian") and NATIONAL EXPRESS, INC. ("National Express") hereby respond to these Objections and request that they be overruled.

The current Objections, like the Objections and Appeals relating to Magistrate Judge Clark's previous rulings, are without merit. The Retailer Defendants devote a great deal of their argument to red herrings and *ad hominem* attacks against Plaintiffs, but otherwise fail to establish exactly how Magistrate Judge Clark allegedly misapplied the Customer Suit Exception or its principles to this case. Rather, they rely on inapposite case law in which the Exception clearly applied to competing actions filed in separate venues against manufacturers and their customers, or where, unlike the present action, the customer defendants had agreed to be bound by any decision in an action against the manufacturer, thus serving interests of efficiency and economy. The Report correctly notes that the Customer Suit Exception does not apply to the present action, where Telebrands and the Retailer Defendants have been sued in the same action and are represented by the same counsel, and that judicial economy would not be served in granting the Retailer Defendants' request. The Objections should be overruled.

---

[1]  Walgreens and Wal-Mart shall be referenced collectively as "the Retailer Defendants."

## II. ARGUMENT

### A. The Report Correctly Found No Basis to Dismiss or Stay This Action

#### 1. The Customer Suit Exception Does Not Apply

The Retailer Defendants argue that Magistrate Judge Clark erred in finding the Customer Suit Exception inapplicable to the present action, notwithstanding binding precedent to this effect. The Exception provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.,* 909 F.2d 1459, 1464 (Fed. Cir. 1990). As the Report correctly notes, it is an exception to the first-to-file rule, and comes into play when a first suit is filed in one venue against customers of the manufacturer, while a subsequent suit is filed in another venue against the manufacturer itself. Report & Recommendation, ECF 76, p. 8. It is designed to prevent a manufacturer from having to defend against claims on two fronts or from having to face an adverse ruling in an action in which it was not a party. *Id.*, p. 9.

The Customer Suit Exception does not apply to the present action because Plaintiffs have brought suit against both Telebrands and the Retailer Defendants in the same suit and in the same district. *See, e.g., Privasys, Inc. v. Visa Int'l,* Case No. C 07-03257, 2007 U.S. Dist. LEXIS 86838, **10-11 (N.D. Cal. 2007) (Exh. "A"). In such situations, the concerns behind the Exception – judicial economy and the prevention of inconsistent outcomes – simply do not exist. As noted in the Report, customer suits have been stayed where the combination presents complex issues and difficult case management, neither of which has been identified in the present action. The Exception would appear even less applicable where, as here, the present action is consolidated before the same Court with the prior actions under the '941 and '942 Patents.

### 2. There Is No Dispute that the Retailer Defendants are Joint Tortfeasors Potentially Liable for Satisfaction of a Judgment

In addition to relying on the inapplicable Customer Suit Exception, the Retailer Defendants shirk – but never deny – the fact that they are each an accused infringer, for whom Telebrands cannot simply stand in, for purposes of liability and the satisfaction of any remedies which may be awarded to Plaintiffs in this action. It is well-settled that Plaintiffs cannot recover multiple damages for the same infringement under U.S. Patent Law. Plaintiffs do not come to the Court seeking multiple recoveries. However, it is equally well-settled that parties that make and sell and infringing device are joint tortfeasors with parties that purchase an infringing device for use or sale. *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 871-872 (Fed. Cir. 2006), citing *Birdsell v. Shaliol*, 112 U.S. 485, 488-89 (1884). Each tortfeasor is liable for damages – up to a single recovery – suffered by the patentee. *Id.* "There may be as many causes of action as there are joint tortfeasors, and as many recoveries, but there can be only one satisfaction." *Id.,* citing *Sherman, Clay & Co. v. Searchlight Horn Co.,* 225 F. 497, 500 (9th Cir. 1915). Unlike *Glenayre* and the *Aro Mfg.* case cited on Page 8 of the Objections, however, there has not yet been a judgment against and recovery from Telebrands to forestall an action and claim for relief against the Retailer Defendants.

The Retailer Defendants are alleged to be liable for direct patent infringement based upon their sale and offer for sale of the Pocket Hose, as well as for indirect infringement in connection with their end-user customers' use of the product. *Nowhere* is it suggested that the allegations in the Complaint do not state claims for infringement against the Retailer Defendants, and the Report notes that the Retailer Defendants do not dispute that they are proper parties to this action. Report & Recommendation, p. 10. Rather, it is represented that Telebrands has indemnified the Retailer Defendants, rendering it unnecessary for Plaintiffs to recover from

them.  However, this does not negate the Retailer Defendants' independent liability to Plaintiffs.  The Retailer Defendants are not mere bystanders in the eyes of the law that makes it illegal to infringe another's patents by selling a product that embodies that patented inventions without authorization from the patentee.  Plaintiffs are entitled to recover from anyone who has infringed the Patents-in-Suit, and the Retailer Defendants are properly named defendants for purposes of Plaintiffs' infringement claims.

Telebrands faces monetary liability – amounting to no less than a reasonable royalty and potentially including lost profits – in connection with sales of over seventeen million (17,000,000) units of infringing Pocket Hose products.  It has not posted a bond or put an amount into escrow for the protection of Plaintiffs to insure that it will pay the full amount[2] of any judgment Plaintiffs seek to have entered against the Retailer Defendants.  Plaintiffs have no way of knowing all the debts or risks Telebrands has incurred or may incur, or distributions it has paid or will pay, that may cause it to be financially unstable when the time comes to satisfy a judgment.  Telebrands cannot and makes no attempt to guarantee its financial ability to pay any judgment whatsoever, and Plaintiffs have no ability to predict such matters.

In addition, Telebrands cannot compel any of the Retailer Defendants to comply with a permanent injunction as sought by Plaintiffs from this Court.  *None* of the Retailer Defendants has agreed to be bound by any judgment in favor of Plaintiffs.  Telebrands may be able to stop selling infringing products to them, but it cannot stop them from selling what they may already have in inventory, or may hereafter obtain from another supplier.  An injunction against the Retailer Defendants would prevent further acts of infringement.  Conversely, an inability to seek

---

[2]  Plaintiffs do not have precise sales figures with respect to sales of the Pocket Hose by the Retailer Defendants. Telebrands has thus far refused to break down sales by retailer in response to discovery requests. The Retailer Defendants, in papers prepared by Telebrands's counsel, have simply objected to every discovery request, asserting that they are improper parties to the action.

either a monetary recovery or an injunction against them would cause significant harm to Plaintiffs. Having a judgment of joint and several liability against Telebrands and the Retailer Defendants is no small issue, and Plaintiffs should not be denied their right to recover for any judgment from these defendants as necessary under the circumstances. The Objections should be overruled.

### 3. Granting a Stay Would Not Serve Efficiency and Judicial Economy

The Supreme Court has held that a party seeking a stay must make out a clear case of hardship or inequity in being required to proceed, if there is even a fair possibility that the stay will damage another party. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). The Retailer Defendants have failed to set forth such a case. Rather, they invoke the rationale behind the inapplicable Customer Suit Exception. The guiding principles behind the Exception, however, are efficiency and judicial economy. *Tegic Commc'n Corp. v. Board of Regents of Univ. of Tex. Sys.,* 458 F.3d 1335, 1343 (Fed. Cir. 2006). As noted in the Report, neither of these principles would be upheld if the requested stay were granted.

Courts have denied requests for a stay in cases where the plaintiff brought suit against both the supplier/manufacturer and the customers in the *same* suit before the *same* court because the interests of efficiency and economy would not be served. *See, e.g., Privasys,* 2007 U.S. Dist. LEXIS 86838 at *10. Conversely, stays have been obtained by manufacturers where the retail customers were sued in separate venues. *See, e.g., Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1353, 1358 (Fed. Cir. 2011). Thus, the *Ultra Products* decision cited by the Retailers Defendants is distinguishable from the present action. In *Ultra Products*, the action filed against customers in the District of New Jersey was stayed pending the resolution of a separate action filed against the manufacturer in the Middle District of Florida. *Ultra*

*Products, Inc. v. Best Buy Co., Inc.*, Case No. 09-1095, 2009 U.S. Dist. LEXIS 78678, * 4 (D.N.J. 2009) (not for publication) (Exh. "B"). Here, Plaintiffs have sued Telebrands and the Retailer Defendants in the same suit before this Court.

Moreover, as also noted in the Report, Telebrands and the Retailer Defendants are represented by the same counsel, thus any inconvenience to the Retailer Defendants is greatly reduced by the fact that they are not providing their own defense and are taking common positions with Telebrands on case matters. Report & Recommendation, p. 10. Also, there are only two (possibly four if HSN and Family Dollar Stores are added) Retailer Defendants for Telebrands to defend, and they have not identified any complex case management issues relating to their inclusion in this litigation. *Id. See also Privasys*, 2007 U.S. Dist. LEXIS 86838 at *11.

Other considerations include the acceptance of liability and the agreement to be bound by the judgment in the present action. The existence of an agreement by Telebrands to indemnify the Retailer Defendants and the agreement (or lack thereof) by the Retailer Defendants to be bound by the results in the case against Telebrands constitute important, but not dispositive, factors. *See, e.g., Katz*, 909 F.2d at 1464; *Kahn v. GM Corp.*, 889 F.2d 1078, 1082 (Fed. Cir. 1989).

Telebrands has represented that it has agreed to indemnify the Retailer Defendants, and it has agreed to defend the Retailer Defendants as well. Thus, any inconvenience for the Retailer Defendants is greatly reduced by the fact that they are not providing their own defense or paying their own defense counsel. The fact of this arrangement does not support entry of a stay.

The absence of an agreement on the part of the Retailer Defendants to be bound by the results of Plaintiffs' case against Telebrands, as discussed in Section II.A.2, *supra*, may weigh against entry of a stay. The lack of such an agreement increases the chance for duplicative

litigation. *Mitsubishi Elec. Corp. v. IMS Tech., Inc.*, Case No. 96-C-0499, 1996 U.S. Dist. LEXIS 12239, **9-10 (N.D. Ill. 1996) (Exh. "C"), citing *Refac Int'l, Ltd. v. IBM*, 790 F.2d 79, 81 (Fed. Cir. 1986).  The present action is therefore distinguishable from the *Pragmatus* case cited in the Objections, where the customer defendants had agreed to be bound by any decision in the action against the manufacturer. *Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, Case No. 12-088-RGA, 2012 U.S. Dist. LEXIS 95036, *9 (D. Del. 2012) (Exh. "D").  It is further distinguishable from *Pragmatus* in that Plaintiffs market and sell the XHose® in direct competition against the accused Pocket Hose in the marketplace, whereas Pragmatus was solely in the business of monetizing patents. *Id.*, at *6.  Thus, unlike *Pragmatus*, Plaintiffs would suffer undue prejudice if the requested stay were granted while infringing sales continue.

The Retailer Defendants ask the Court to stay the present action against them, consistent with the rationale behind the inapplicable Customer Suit Exception.  As noted in the Report, the guiding principles behind granting a stay on this basis, however, would not be served by this request, and the Retailer Defendants fail to present a case of hardship sufficient to justify it.  The Objections should be overruled.

      **B.**      <u>**Red Herrings and *Ad Hominem* Attacks Cannot Support the Objections**</u>

In lieu of sufficient legal justification to support their Objections, the Retailer Defendants rely on red herrings and *ad hominem* attacks on Plaintiffs.  Neither of these devices supports their argument.  For example, the Retailer Defendants direct the Court to the recent decision in litigation in Canada relating to the accused Pocket Hose product and a Canadian patent corresponding to the '941 and '942 Patents.  The Canadian court found that the patent would have been infringed, but is invalid as obvious over the McDonald patent referenced in Paragraphs 23-27 of the present Complaint in this action.  The Retailer Defendants fail to advise

the Court, however, of a December 20, 2013 decision from the United Kingdom High Court of Justice, Chancery Division, Patents Court, upholding validity of the corresponding U.K. patent over the same McDonald patent. *See* D.E. # 72. The Canadian decision was in Defendants' favor. The U.K. decision was in Plaintiffs' favor. Both were rendered and are being appealed under their respective patent laws. Neither is binding on this Court.

The Retailer Defendants devote significant portions of their argument to accusing Plaintiffs of being mere patent trolls and conducting this litigation in bad faith for purposes of harassment. Neither allegation is of merit. Blue Gentian is a small, relatively new company attempting to market what has proven to be a remarkably successful invention by its principal, Michael Berardi. It is a small company with a valuable invention but without the resources to mass market, manufacture and distribute a product on its own, that has thus far been forced to watch the hijacking of its invention by large, multinational entities such as Telebrands and the Retailer Defendants. National Express, meanwhile, sells the XHose®, the only expandable and contractible garden hose sold under authority of the Patents-in-Suit, by virtue of its exclusive license from Blue Gentian. Plaintiffs are anything but patent trolls. In any event, mere name calling cannot support the reversal of Magistrate Judge Clark's ruling.

This litigation is not about harassment. As set forth in Section II.A.2 above, if Plaintiffs prevail in this litigation, the Retailer Defendants will each incur liability as to which there is no assurance that Telebrands will ultimately assume complete responsibility. Plaintiffs admit that Bed Bath & Beyond and Rite-Aid were dropped from this action after agreeing[3] to sell the XHose® product. The Retailer Defendants offer no rationale for their apparent conclusion that Plaintiffs should have kept those two retailers in this litigation thereafter – i.e., that Plaintiffs

---

[3] The notion that Plaintiffs were somehow "coercing" these retailers is simply untrue.

2097091.1  8

should maintain lawsuits against two large customers. Plaintiffs have identified certain key retailers selling the infringing Pocket Hose product. Including these retailers provides Plaintiffs with at least some recourse in the event Telebrands's ill-gotten gains are gone by the time a potentially significant monetary judgment issues against it. Indeed, if Plaintiffs' motive was simply to intimidate and harass retailers as Telebrands suggests, Plaintiffs would have added more retailers to this action. The assertion that "Plaintiffs would file serial motions to add Telebrands' customers as defendants" is demonstrably incorrect. Plaintiffs filed *one* motion for leave to add *two* retailers in this action prior to the March 13, 2014 deadline to do so.

Plaintiffs did not sue the Retailer Defendants for purposes of harassment. As set forth in Section II.A.2 above, it is the Retailer Defendants, not Plaintiffs, who are violating the law. If the Retailer Defendants do not want to endure the burdens of litigation, then they should cease and desist their continuing violations by stopping their sales of the accused Pocket Hose, as Plaintiffs have now requested on multiple occasions.

The Retailer Defendants' *ad hominem* attacks cannot support a reversal of Magistrate Judge Clark's ruling. The Objections should be overruled.

## III.  CONCLUSION

For the reasons set forth herein, Telebrands's Objections to Magistrate Judge Clark's Report & Recommendation (Dkt. No. 76) should be overruled.

Dated: May 19, 2014									Respectfully submitted,

*/s/ George C. Jones*
Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Telephone:	(973) 292-1700
Facsimile:	(973) 292-1767
E-mail:		tcurtin@GrahamCurtin.com
			gjones@GrahamCurtin.com

McHALE & SLAVIN, P.A.
Edward F. McHale (*pro hac vice*)
Brian M. Taillon (*pro hac vice*)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:	(561) 625-6575
Facsimile:	(561) 625-6572
E-mail:		litigation@mchaleslavin.com

*Attorneys for Plaintiffs*
*Blue Gentian, LLC and National Express, Inc.*